### QUILLIE ANDERSON V. THE STATE.

No. 10224.   Delivered May 19, 1926.

**Aggravated Assault—Charge of Court—Practice in Trial Court.**

Objections to the charge of the court must be in writing and filed at the time of the trial, and presented before the main charge is given to the jury, and an objection to the charge of the court, presented for the first time in a motion for a new trial, came too late and cannot be considered on appeal. See Arts. 658 and 666, C. C. P. of 1925. Following Bargas v. State, 66 Tex. Crim. Rep. 217, and other cases cited.

Appeal from the District Court of Austin County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for an aggravated assault, penalty six months in the county jail and a fine of $100.

The opinion states the case.

*Johnson, Matthaei & Thompson* of Bellville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for an aggravated assault, the punishment being six months' confinement in the county jail and a fine of $100.

The indictment charged assault with intent to murder. The court submitted aggravated assault only. No written objections were made to the court's instructions and no special charges were requested. The first complaint of any alleged error in the instructions to the jury is found in the amended motion for new trial.

The amended practice act relating to the charge and objections thereto enacted in 1913 and now incorporated in Article 658, and 666 C. C. P. (1925) requires objections to the charge to be in writing filed at the time of trial. Since this law became effective it has been the uniform holding of this court that objections to instructions made for the first time in motion for new trial could not be considered. Bargas v. State, 86 Tex. Crim. Rep. 217, 216 S. W. 172; Grissom v. State, 87 Tex. Crim. Rep. 465, 222 S. W. 237; Tamayam v. State,. 89 Tex. Crim. Rep. 190, 230 S. W. 146; Boaz v. State, 89 Tex. Crim. Rep. 515, 231 S. W. 790. (For collation of many authorities on the question see Notes 64 and 65, page 526, Vernon's 1916 Cr. St., Vol. 2.)

The evidence supports the verdict.

The judgment is affirmed.                    *Affirmed.*