## MATERSON GRAYSON V. THE STATE.

No. 10623.   Delivered February 23, 1927.

**1.—Murder—Argument of Counsel—No Error Shown.**

Where, on a trial for murder, in discussing the case, counsel for the state used the expression, "He did not give Will Evans the chance of a yellow dog," we do not consider this as any serious violation of any of the rules of argument.

**2.—Same—Charge of Court—Exceptions To—How Taken.**

Objections to the charge of the court must be presented to the court in writing before the main charge is read to the jury, and if such objections are not allowed, the action of the court must be excepted to, and the exception noted on the charge, or preserved in a bill of exception. Objections to the charge presented for the first time in the motion for a new trial, or on appeal to this court, will not be considered.

Appeal from the District Court of Polk County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction of murder, penalty ninety-nine years in the penitentiary.

The opinion states the case.

*S. F. Hill,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of murder, punishment ninety-nine years in the penitentiary.

Appellant shot and killed deceased. From the record it appears

that there had been a misunderstanding, claimed by appellant to have amounted to an assault upon him by deceased, a short time before the homicide. Appellant left the place where he claimed deceased had assaulted him, went to his home, then, accompanied by his father, returned armed with a gun to where deceased was at work in a saw mill. According to the state's testimony, appellant's father at once assaulted deceased, cutting him several times with a knife, while appellant was standing off to one side. There is testimony that when appellant and his father reached the mill appellant said "He is not here," but his father said, "Yes, yonder he is," and ran down toward deceased. The testimony shows further that after appellant's father cut deceased with the knife, the latter used a shovel and knocked said father down, whereupon appellant said, "Look out, look out," and his father, who had gotten up, stepped to one side and appellant shot deceased with a shotgun. A witness testified that appellant told him of the difficulty shortly after it occurred and laughed and said, referring to deceased, "If he is not dead he will die. I tried to blow his old heart out."

There is but one bill of exceptions in the record which complains of argument used by the District Attorney. It appears that he said to the jury, "He did not give Will Evans the chance of a yellow dog." We are not inclined to consider this as any serious violation of any of the rules of argument.

There are some other complaints in the brief on file in appellant's behalf, which are not borne out by the record. We do not consider objections to the charge unless we learn from the record that same were presented to the trial court before the charge was read to the jury. Objections to the charge presented first in the motion for new trial or on appeal to this court have no standing.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*