## H. GORDON HARGETT V. THE STATE.

### No. 10416. Delivered April 6, 1927.

**1.—Practicing Medicine Unlawfully—Information—Held Sufficient.**

Where an information charging the unlawful practicing of medicine without registering a license authorizing such practice, which follows the statute, and is in accord with approved forms, it is held sufficient. See Wilson's Crim. Forms, No. 343, approved in Teem v. State, 79 Tex. Crim. Rep. 285, 183 S. W. 1144.

**2.—Same—Residence of Practitioner—Proof Of—How Established.**

The statute requires registration of a license authorizing the practice of medicine in the county of the practitioner's residence. Proof of his residence may be made by either direct or circumstantial evidence. The circumstances disclosed in the case before us were sufficient to warrant the jury in finding that the appellant resided in Tarrant County.

Appeal from the County Court at Law No. 1 of Tarrant County. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction for practicing medicine without registering a license authorizing it, penalty a fine of $50.00 and one hour in jail.

The opinion states the case.

*Will C. Austin* of Fort Worth, for appellant.

*R. M. Turpin, C. L. Black,* and *R. B. Young, Jr.,* Assistant Criminal District Attorney of Tarrant County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for practicing medicine without registering a license authorizing it, punishment is by fine of $50.00 and one hour in jail.

We find no merit in the criticism of the information. It appears to follow the statute and is in accord with approved forms. (See Wilson's Crim. Forms, No. 343, approved in Teem v. State, 79 Tex. Crim. Rep. 285, 183 S. W. 1144.)

Some complaint is found in the motion for new trial of one paragraph of the court's charge. Under our present procedure statute (Art. 658, C. C. P., 1925) objection to the court's charge must be made in writing before the charge is read to the jury. Objections presented for the first time in the motion for new trial come too late. (Many authorities will be found collated in note 89 under Art. 658, in Vol. 2, Vernon's Ann. Crim. Stat.)

The contention is made that the record fails to show that appellant resided in Tarrant County, where the prosecution was had, and where it was alleged appellant did reside. No question seems to have been raised upon this issue during the trial which probably accounts for the meagerness of the testimony relative thereto. The statement of facts does show that appellant tendered to the District Clerk of Tarrant County for registration, his diploma or certificate, authorizing him to engage in chiropractic treatments and that the officer declined to register it because not permitted by the statute. The statute requires registration in the county of the practitioner's residence. Tendering registration in Tarrant County is strongly indicative of residence there. It is further shown that appellant maintained an office in Tarrant County where he gave treatments or "adjustments" as he called them. Three witnesses who resided in Tarrant County testified they had known appellant for a number of years and knew his reputation in the community "in which he resided," and that it was good. No witness testified in haec verba that appellant resided in Tarrant County, but such fact like any other could be proven by circumstances, and in the absence of any question upon that issue being raised during the trial, we feel unwarranted in saying that from the circumstances proved the jury is not supported in finding that appellant resided in Tarrant County.

The judgment is affirmed. *Affirmed.*