Missouri & North Arkansas Railroad Company v.
United Farmers of America.

Opinion delivered April 11, 1927.

1. APPEAL AND ERROR—CONCLUSIVENESS OF JURY'S FINDING.—The verdict of a jury, being based upon substantial evidence, is conclusive upon appeal.

2. CARRIERS—NOTICE OF ARRIVAL OF SHIPMENT.—A requirement in bill of lading that notice of arrival of a shipment should be given to the consignee is not complied with by giving such notice to the consignor.

3. CARRIERS—LOSS OF GOODS—ACT OF GOD.—To exempt a carrier from liability as insurer for the safe transportation and delivery of goods on account of their destruction by act of God, the act of God must be the sole cause of the loss.

4. CARRIERS—LOSS OF GOODS BY LIGHTNING.—A railroad company is not relieved from liability for loss of freight in a warehouse at destination, caused by fire originating from lightning, where, if the railroad company had given proper notice to the consignee, the freight would have been removed before the fire.

5. CARRIERS—LIABILITY FOR LOSS OF FREIGHT IN WAREHOUSE.—A railroad company is not relieved from liability for the loss of cotton consigned to shipper's order and destroyed by fire in a warehouse at destination, on the theory that the warehouse company was the shipper's agent, where the railroad company's control over the freight had not ceased.

Appeal from White Circuit Court; E. D. Robertson, Judge; affirmed.

Shouse & Rowland and R. E. Wiley, for appellant.

John E. Miller and J. Mitchell Cockrill, for appellee.

HUMPHREYS, J. Appellees instituted suit against appellant in the circuit court of White County to recover $343.91, the value of two bales of cotton which appellee, United Farmers of America, shipped from Heber Springs to Searcy, to be sold by its agent, W. B. Cook, said cotton having been destroyed by fire in the warehouse of the Searcy Compress Company, to whom appellees delivered same.

It was alleged, in substance, in the complaint, that, on January 19, 1924, the United Farmers of America delivered two bales of cotton to appellant, a common carrier, at Heber Springs, to be transported to Searcy, for

which a bill of lading was issued; that, on January 25, 1924, the cotton arrived at Searcy and was delivered to the Searcy Compress Company, without giving notice to W. B. Cook of the arrival of the cotton; that, on February 3, the compress burned and the cotton was destroyed; that the shipment was consigned to shipper's order, with directions to notify W. B. Cook, agent of said appellees at Searcy, who received no notice or information that the cotton had been placed in the compress until February 4, after its destruction; that said appellee, for a valuable consideration, prior to the institution of the suit, assigned all its rights, interests and title in and to said cotton to its coappellee, Hartford Insurance Company.

Appellant filed an answer, denying that it failed to give notice of the arrival of the cotton to W. B. Cook, or that W. B. Cook had no notice or knowledge of the arrival of the cotton at Searcy until February 4.

By way of further defense, appellant alleged that the cotton was stored with the Searcy Compress Company in accordance with the custom between appellant and appellee, United Farmers of America, without the surrender of the bill of lading, which custom constituted the Searcy Compress Company appellant's agent to receive the cotton; that appellant transported the cotton to Searcy and gave notice to W. B. Cook, who failed to move the cotton, and, after a reasonable time, appellant delivered the cotton for storage to the Searcy Compress Company, which was a public and licensed warehouse, on January 25, 1924, and afterwards the compress was struck by lightning and the cotton burned in the resulting fire.

The following provisions of said bill of lading were pleaded as a further defense:

"Section 1 (b). No carrier shall be liable for loss or damage caused by the act of God. Carrier's liability to be that of warehouseman only for loss by fire occurring after the expiration of the free time allowed by tariffs after notice of arrival at destination and placement of property for delivery.

"Section 4 (a). Property not removed by the party entitled to receive it within the free time allowed by tariffs after notice of arrival at destination and placement of property for delivery may be kept in vessel, cars, or depot or warehouse, subject to charges for storage and to carrier's responsibility as warehouseman only, or, at the option of carrier, may be stored in public or licensed warehouse at the place of delivery, at the cost and without liability on the part of the carrier, and subject to a lien for all freight charges."

The cause was submitted to the court for trial, sitting as a jury, upon the pleadings, testimony adduced by the respective parties and a stipulation to the effect that the Searcy compress, where the cotton was burned on February 3, 1924, was destroyed by a stroke of lightning; and that the free time allowed by the tariffs for removal of the cotton after notice of arrival at destination and placement for delivery was 48 hours, which trial resulted in a judgment against appellant for $384.60, from which is this appeal.

The record reflects, according to the undisputed testimony, that, on January 19, 1924, United Farmers of America, of Heber, Arkansas, shipped two bales of cotton to Searcy, Arkansas, over appellant's railway, consigning same to shipper's order, with directions in the bill of lading to notify appellant's agent, W. B. Cook, when the cotton arrived in Searcy; that the cotton arrived at its destination on January 25, 1924, and was delivered to the Searcy Compress Company without the production of the bill of lading by W. B. Cook; that the bill of lading for the two bales of cotton had been mailed to and received by W. B. Cook; that the cotton remained in the compress until February 3, 1924, at which time it was destroyed by fire resulting from a flash of lightning that struck the warehouse; that, had W. B. Cook been notified of the arrival of the cotton when it reached its destination or when placed in the warehouse, he would have immediately obtained warehouse receipts for same and samples of the cotton, which would have enabled him

to place it on the market; that, without warehouse
receipts and samples, he could not offer the cotton for
sale; that, had he been notified of the arrival of the
cotton or that same had been placed in the compress, he
could have included it in the blanket insurance policy by
proper designation; that the manner of handling cotton
theretofore shipped by United Farmers of America to
W. B. Cook for sale was for Cook, after receiving notice
or weight sheets from the Searcy Compress Company
of the arrival and storage of the cotton, to present the
bill of lading to appellant, paying the freight, and imme-
diately obtain warehouse receipts from the Searcy Com-
press Company for same; that W. B. Cook failed to
receive any notice of the arrival of the cotton at its des-
tination from appellant; that the bill of lading contained
the provisions heretofore set out as § 1 (b) and § 4 (a).

The record reflects a conflict in the testimony as to
whether W. B. Cook received notice or weight sheets of
the arrival of the cotton from the Searcy Compress Com-
pany immediately after the arrival and storage of same,
but this conflict has been resolved against appellant and
it is bound by the finding of the court, as there is sub-
stantial evidence to sustain the finding. In other words,
in reviewing the case on appeal to ascertain whether the
trial court committed error, the finding of the trial court
to the effect that appellant failed to give notice of the
arrival of the cotton to W. B. Cook, or that W. B. Cook
received notice or information from the Searcy Compress
Company of the arrival of the cotton or other source,
must be treated as true.

Appellant's main contention for a reversal of the
judgment is that it was exempted from liability as an
insurer of the cotton under the provisions of § 1 (b) of
the bill of lading set out above, because the undisputed
testimony reveals that the cotton was destroyed by an
act of God. Appellant cites the case of *Mays* v. *Mo. &
North Ark. Rd. Co.*, 168 Ark. 908, 271 S. W. 977, as conclu-
sive of its contention. In the case cited liability was not
claimed on account of a failure to comply with the con-

tract. On the contrary, it affirmatively appeared that the carrier complied with the contract in that case. In the case at bar liability was predicated upon the failure of appellant to comply with the requirements of the bill of lading and §§ 910 and 913 of Crawford & Moses' Digest, by giving notice of the arrival of the cotton to the party designated in the bill of lading. There is substantial evidence in the record in support of the finding of the court that the notice was not given. It is true that the undisputed evidence disclosed that the Searcy Compress Company mailed the weight sheets or notices to United Farmers of America at Heber Springs as soon as the cotton was placed in the compress, but that did not meet the requirements in the bill of lading to give notice to W. B. Cook, who resided in Searcy and was engaged to sell the cotton. The United Farmers of America had a right to presume that notice of the arrival of cotton had been given to Cook, notwithstanding the notice which had been sent to it. On account of the distinction pointed out between the cases, the instant case is not ruled by the case cited. In order to exempt a common carrier from its liability as an insurer for the safe transportation and delivery of goods on account of destruction of same by an act of God, the act of God must be both the sole and proximate cause of the injury. *St. L. S. W. Ry. Co.* v. *Mackey*, 95 Ark. 301, 129 S. W. 28. In the instant case the direct cause of the destruction of the cotton by fire was a stroke of lightning that set fire to the warehouse. It cannot be said, however, that the cotton would have been destroyed by this act of God if appellant had given the required notice to Cook. Had Cook received notice of the arrival and storage of the cotton he could have placed it upon the market and sold it before same was destroyed. In any event, he would have insured it against loss by fire. The negligent act of appellant, then, in failing to notify Cook, was an efficient and cooperative cause in the destruction of the cotton. The lightning directly destroyed it, but it was not the sole and proximate cause of its destruction.

Appellant makes the further contention for a reversal of the judgment that delivery of the cotton to the Searcy Compress Company constituted delivery to the consignee. This contention is made upon the theory that the Searcy Compress Company was the agent of United Farmers of America, because it was customary, in handling the shipments of cotton theretofore, for appellant to turn the cotton over to the Searcy Compress Company before the freight was paid and before the redemption of the bill of lading. We do not understand from the record that, when appellant turned the cotton over to the Searcy Compress Company, it ceased to control the same. According to the undisputed evidence, the compress company did not issue receipts for the cotton to the consignee until the consignee paid the freight and surrendered the bill of lading which appellant had issued to it. In other words, it was not within the power of Cook, the consignee designated in the bill of lading, to secure any control over the cotton until he paid the freight thereon and surrendered the bill of lading. We think the fact that the Searcy Compress Company was in the habit of notifying the consignee of the arrival and storage of the cotton is very strong evidence that it was acting in the capacity of agent for appellant. The cotton was not delivered to the designated consignee prior to its destruction, hence appellant was a carrier in the control of the cotton when same was destroyed.

No error appearing, the judgment is affirmed.