### J. P. MANNEN V. THE STATE.

No. 11274.   Delivered February 29, 1928.

1.—Embezzlement—Charge of Court—Objections Thereto—In Motion for New Trial—Not Sufficient.

Where appellant for the first time objected to the charge of the court in his motion for a new trial, such objections cannot be considered. Objections to the charge of the court, and rulings thereon, must be made and preserved in writing before the main charge is read to the jury. See Arts. 658-659-660-666 and 667, C. C. P.; Anderson v. State, 285 S. W. 1090, and other cases cited.

2.—Same—Principal—Evidence Sufficient.

Where the evidence established that appellant introduced one Gordon to prosecuting witness, Mrs. Allegree, and induced her to deliver certain insurance stock of the value of $2,000 to said Gordon, who converted same and defrauded her of its value, appellant being present at the sale of the stock by Gordon and a pretended person, Davenport, and aided said Davenport in collecting the check given in payment for said stock, under appropriate instructions these facts justified the jury in finding appellant guilty as a principal for embezzlement.

3.—Same—Plural Counts—Election by State—Proper Practice.

Where the indictment contained three counts, and the state elected the count charging embezzlement, the evidence supported this count and

there was no variance even though the evidence might have justified a conviction for theft by false pretext.

Appeal from the District Court of Freestone County. Tried below before the Hon. W. T. Jackson, Judge.

Appeal from a conviction for embezzlement, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Embezzlement is the offense, punishment fixed at confinement in the penitentiary for a period of two years.

Appellant went to the home of Mrs. Allegree and sold her $500 in the stock of a corporation. She informed him at the time that she had some stock in the Miller Manufacturing Company, and also in the Trinity Fire Insurance Company. According to her testimony, the appellant subsequently returned and represented to her that her stock in the concern last mentioned was of little value because of certain conditions which he claimed affected the stock. Later he returned in company with a man who was introduced as Gordon, to whom, upon appellant's advice, she delivered her stock for the purpose of sale or exchange for other named stock. Appellant knew of a prospective purchaser for the insurance stock. On the delivery of that stock to Gordon, a written transfer in blank, signed by Mrs. Allegree, was also delivered. Soon thereafter the appellant and another man approached the prospective purchaser and sold the insurance stock to him for $1,900. The person who was with the appellant and had the stock was called Davenport. The state's testimony was such as to suggest that Gordon and Davenport were identical. At all events, Mrs. Allegree's stock was converted by Gordon, and neither he nor Davenport have since come to light. Appellant, however, subsequently visited Mrs. Allegree with protestations of sympathy for the loss of her property and regret that her misfortune had resulted from the conduct of one introduced by him.

In his testimony, appellant disclaimed any foreknowledge of the wicked designs of Gordon or Davenport and denied any share in their perfidy or profit therefrom. He explained his connections with Gordon and Davenport as mere coincidents in his disinterested efforts to aid his friends and declared himself the unfortunate victim of circumstances neither designed nor

controlled by him.   These conflicting views were presented to the jury in a charge against which there was directed at the time of the trial no criticisms which are preserved in a manner permitting review on appeal.   Both the statutes and precedents demand that objections to the charge of the court and rulings thereon be made and preserved in writing at the time of the trial and that complaint of them in a motion for new trial, as was done in the present instance, does not require or authorize a review on appeal.   The subject is controlled by Arts. 658, 659, 660, 666 and 667, C. C. P., 1925.   See Anderson v. State, 285 S. W. 1090; Ward v. State, 288 S. W. 1075; Grayson v. State, 291 S. W. 550; Scott v. State, 292 S. W. 891.

The indictment consisted of three counts.   The first charged theft by conversion.   The second count charged the embezzlement of ten shares of stock of the Trinity Fire Insurance Company, and the third charged the embezzlement of $1,900.   The state elected to try upon the second count, in which it is averred that Mannen, Davenport and Gordon, having in their possession ten shares of stock of the Trinity Fire Insurance Company of the value of $2,000, the property of Mrs. Sarah F. Allegree,

"* * * by virtue of their contract of borrowing and employment and by virtue of their agency of and with the said Mrs. Sarah F. Allegree, did then and there unlawfully and fraudulently and without the consent of the said owner thereof, fraudulently misapply and convert said ten shares of stock of the Trinity Fire Insurance Company to their, the said J. P. Mannen, and Charles D. Davenport and J. D. Gordon, own use, with the intent to deprive the said Mrs. Sarah F. Allegree, the owner thereof, of the value of the same."

In the charge the court instructed the jury that if the parties named, having in their possession the stock mentioned, belonging to Mrs. Allegree,

"* * * under a contract and agreement with said Mrs. Sarah F. Allegree that they would sell and remit the proceeds thereof, or buy her 20 shares of common stock of said company, and deliver it to her as her agents; and if acting as such agents they sold said ten shares of Trinity Fire Insurance Company stock and collected the proceeds thereof in the sum of nineteen hundred dollars, and fraudulently converted same to their own use,"

and if the appellant was a principal offender, as properly defined in the charge, he would be guilty.

By motion for new trial and arrest of judgment the conviction is attacked upon the ground that the evidence does not conform to the allegation in the indictment. This claim seems based upon the view that the proof does not justify the finding that the appellant was a principal offender within the meaning of the law. P. C., Art. 65. It is also claimed in the motion for new trial that the conviction is for the embezzlement of $1,900, as charged in the third count of the indictment and not for the embezzlement of the stock described in the second count. That the evidence warranted the finding by the jury that the appellant acted with Davenport and Gordon with knowledge of their criminal intent is clear. It was through the appellant that Gordon became acquainted with Mrs. Allegree, learned of her ownership of the insurance stock and obtained its possession. He was present, and gave aid and encouragement. It was he who found a purchaser for the insurance stock and brought him in touch with the alleged Davenport. He was present at the sale of the stock to the purchaser for less than par (when, according to the appellant, it was worth a premium) and aided Davenport in collecting the check which was received in payment for the stock. The necessity for an election between the counts is not perceived. The averments were appropriate to meet possible phases of the proof and avoid variance. Gonzales v. State, 12 Tex. Crim. App. 663, and other cases cited in Branch's Ann. Tex. P. C., p. 233. The state having chosen to elect, however, the sufficiency of the evidence must be measured by its relevancy to the count submitted. It is not believed that the conviction is vitiated for either variance in the proof or fault in the charge. The evidence was such as might have justified a conviction of theft by false pretext or embezzlement of money, but it does not follow that there was not sufficient evidence to support a conviction for embezzlement of the stock. The insurance stock was placed under the control of Gordon under a written contract directing him to sell it at $200 per share and invest the proceeds in forty shares of the United States Finance stock at $50.00 per share. The proof shows that the insurance stock was delivered by Gordon to Davenport and that with the appellant's aid Davenport sold it for $190 per share. The evidence cogently suggests that Davenport and Gordon were but a single person with different names, but whether with one or two, the appellant was a co-worker. If Gordon delivered the stock to Davenport without consideration, with the fraudulent purpose of despoiling his principal, Mrs. Allegree, the offense of embezzlement of the stock was com-

mitted. If Gordon impersonated Davenport and sold the stock with a like fraudulent purpose for less than $200 per share, the facts would seem to sustain a charge of the embezzlement of the stock. The appellant being a principal with Gordon and with Davenport (if there was such a person), may likewise be guilty of embezzlement.

Finding no error in the record which is presented for review, and regarding the evidence as sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*