## MIKE KOUCHOUSAS v. THE STATE.

No. 10917.   Delivered March 7, 1928.
Rehearing denied June 20, 1928.

The opinion state the case.

*Howth, Adams & Hart* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, *Robt. M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of eighteen months.

The appellant and his wife apparently lived in the upper story of a rooming house. According to the testimony of officers, they observed an abandoned automobile near the house and sought to make inquiry about it. The house was closed and the inmates became excited upon the arrival of the officers. One of them (whom the officers said was the appellant) threw out of the window six sacks containing bottles of whisky. Most of the bottles were broken, but those which were not, were preserved by the officers and introduced upon the trial. Thereafter, the officers' attempt to enter the house was met with a threat by the appellant who had an automatic pistol in his hand at the time.

Appellant testified in his own behalf and denied the possession of any whisky, throwing it out of his place or any knowledge of that part of the transaction which related to the whisky. He stated that he and his wife had guests in the house; that there were other persons living therein. He intimated that the whisky may have been thrown out by some of the other inmates. He also controverted the testimony indicating that he threatened the officers with violence when they attempted to arrest him. A more comprehensive statement of the testimony is not deemed necessary.

The court submitted the issue of the possession of intoxicating liquor for the purpose of sale, in what appears to be an unexceptional manner. We find in the brief a criticism of the charge of the court and the failure to give some requested charges, but the record is bare of either the requested charges or the exception to the main charge. In the absence of these, this court is not in a position to consider the complaint mentioned. A complaint of the charge made for the first time in the motion for new trial, does not bring the sufficiency of the charge into review. See C. C. P., 1925, Arts. 568 to 660, inclusive, also Arts. 666 and 667; also Anderson v. State, 285 S. W. Rep. 1090; Scott v. State, 292 S. W. Rep. 891; Watson v. State, 292 S. W. Rep. 990; Hargett v. State, 293 S. W. Rep. 171.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant presents his motion for rehearing by reference to assignments of error. We again call attention to the fact that in this court we pay no attention to assignments of error, unless they be in the nature of bills of exception. The transcript in this case shows that no bills of exception were reserved upon this trial, of any character, nor were any exceptions taken to the court's charge. Such matters raised for the first time in the motion for new trial are not here taken as exceptions to the charge. We have again reviewed the facts and deem them amply sufficient to support the judgment of conviction.

The motion for rehearing will be overruled.

*Overruled.*